UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT EARL JOHNSON,

                Plaintiff,

        -against-

KATHY DUDLEY,

                Defendant.

21-CV-4297 (LTS)

ORDER TO SHOW CAUSE

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, appearing *pro se*, brought this action asserting claims for infringement under the Copyright Act of 1976. By order dated May 13, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court directs Plaintiff to show cause why his copyright infringement claims should not be dismissed for failure to register (or preregister) his work with the U.S. Copyright Office.

**STANDARD OF REVIEW**

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Robert Johnson alleges the following facts. He is the author of six novels. (ECF 2 at 4.) Plaintiff spent 13 months writing his latest novel, titled *Sob Story*. On May 7, 2020, he entered into an agreement with Kathy Dudley, a high school teacher and editor in Poughkeepsie, New York. (*Id.*) Plaintiff provided Dudley with a laptop computer, and she agreed to type and edit the 400-page manuscript in time for its July 23, 2021 publication release date. Plaintiff agreed to pay Dudley $600.00, and he also spent money promoting and advertising the forthcoming novel.

After receiving the new laptop and manuscript, Dudley "cut off all contact" with Plaintiff. Moreover, she told "multiple people" that she intended to publish the novel as her own.

Plaintiff contacted law enforcement and engaged an attorney, who wrote a letter to Dudley demanding the return of Plaintiff's manuscript and laptop.

Plaintiff brings this suit against Dudley, asserting claims for copyright infringement and "theft of copyrighted material," and seeking damages.

## DISCUSSION

Under the Copyright Act, an author gains "exclusive rights" in his work immediately upon the work's creation, including rights of reproduction, distribution, and display. 17 U.S.C. § 106. The Copyright Act entitles a copyright owner to institute a civil action for infringement of those exclusive rights. 17 U.S.C. § 501(b).

Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with the Copyright Act's registration requirement. *See* 17 U.S.C.A. § 411(a) (no civil infringement action "shall be instituted until preregistration or registration of the copyright claim has been made"); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019) (holding that registration of a copyright claim occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright, not when a copyright owner submits the application, materials, and registration fee).

The Supreme Court has explained that in limited circumstances, copyright owners may file an infringement suit before undertaking registration:

> If a copyright owner is preparing to distribute a work of a type vulnerable to predistribution infringement[,] … the owner may apply for preregistration. 17 U.S.C. § 408(f)(2). The Copyright Office will "conduct a limited review" of the application and notify the claimant "[u]pon completion of the preregistration." [37 C.F.R.] § 202.16(c)(7), (c)(10). Once "preregistration ... has been made," the copyright claimant may institute a suit for infringement. 17 U.S.C. § 411(a). Preregistration, however, serves only as "a preliminary step prior to a full registration.

*Fourth Estate Pub. Benefit Corp.*, 139 S. Ct. at 888 (citations omitted). Works eligible for

preregistration include "[l]iterary works being prepared for publication in book form." 37 C.F.R. § 202.16.

The Supreme Court also addressed a claimant's ability to recover damages for pre-registration injuries:

> If infringement occurs before a copyright owner applies for registration, that owner may eventually recover damages for the past infringement, as well as the infringer's profits. [17 U.S.C.] § 504. [The owner] must simply apply for registration and receive the Copyright Office's decision on her application before instituting suit. Once the Register grants or refuses registration, the copyright owner may also seek an injunction barring the infringer from continued violation of her exclusive rights and an order requiring the infringer to destroy infringing materials. §§ 502, 503(b).

*Id.* at 886-87.

Here, Plaintiff does not allege that he registered or pre-registered a copyright, and he cannot bring an infringement action under the Copyright Act until he has done so.[1]

The Court therefore directs Plaintiff to show cause why his federal claims under the Copyright Act should not be dismissed for lack of copyright registration. Plaintiff must submit a written declaration, within 30 days, stating whether he has applied for registration for his work – *Sob Story* – and whether the U.S. Copyright Office has made a decision granting or refusing registration. If Plaintiff does not respond, or if his response shows that he has not registered or preregistered a copyright, the Court will dismiss his claims under the Copyright Act, without prejudice to his refiling them.[2] If the Court dismisses Plaintiff's federal claims it will decline,

---

[1] For Plaintiff's benefit, the Court notes that claims for copyright infringement must be brought within three years after they accrue. 17 U.S.C. § 507(b).

[2] *See Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *1 (S.D.N.Y. Apr. 2, 2019) ("The question presented here is whether a plaintiff that improperly filed suit before a copyright was registered can cure that defect by amending its complaint after the Register has completed registration of the copyright. The Court holds that such a prematurely filed suit must be dismissed notwithstanding a plaintiff's post-registration amendment.").

under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over Plaintiff's state law claims, which he can refile in state court.

## CONCLUSION

The Court directs Plaintiff to show cause why his federal claims under the Copyright Act should not be dismissed for lack of copyright registration. Plaintiff must submit a written declaration, within 30 days, stating whether he has applied for registration for his work and whether the Copyright Office has made a decision granting or refusing registration. For Plaintiff's convenience, a declaration form is attached to this order.

If Plaintiff does not respond, or if his response does not show that he has registered or preregistered a copyright, the Court will dismiss his Copyright Act claims, without prejudice to his refiling them.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: July 2, 2021
        New York, New York

                                      /s/ *Laura Taylor Swain*
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |